RENDERED:  JANUARY 17, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0487-MR

SEVENPLUS, LLC  APPELLANT

APPEAL FROM WARREN CIRCUIT COURT
v.  HONORABLE CHRISTOPHER T. COHRON, JUDGE
ACTION NO. 22-CI-01374

NARENDRAKUMAR PATEL  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CALDWELL AND L. JONES,
JUDGES.

THOMPSON, CHIEF JUDGE:  Sevenplus, LLC ("Appellant") appeals from

findings of fact, conclusions of law, and judgment of the Warren Circuit Court

ordering that the purchaser of a parcel of real property, Narendrakumar Patel

("Appellee"), is entitled to specific performance under a real estate sales contract.

Appellant argues that the circuit court erred in its interpretation and enforcement of

the contract. After careful review, we find no error and affirm the judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

On December 15, 2021, the parties entered into a real estate sales contract in which Appellant agreed to sell a parcel of real property situated in Warren County, Kentucky, to Appellee for $400,000.00. The contract contained multiple contingencies that were required to occur prior to sale, including "approval from the Highway Department to put two (2) curb cuts into the Property"; the blacktopping of an access way and roadway;[1] the lot being leveled; and utilities being "stubbed" or connected to the property.[2] Shortly thereafter, Appellee placed $5,000.00 in earnest money into escrow.

About one year later, Appellee filed the instant action against Appellant in Warren Circuit Court setting out claims of anticipatory breach and specific performance. The focus of the complaint was Appellee's claim that Appellant failed to close on the real estate sale as provided for in the contract and otherwise repudiated performance.

---

[1] The Highway Department's proper name is Kentucky Transportation Cabinet, Department of Highways.

[2] The parcel is described in the record as "Proposed Lot 3-I-5 of Walnut Creek Apartments."

The matter proceeded in Warren Circuit Court, with each party's motion for summary judgment being denied. A bench trial was conducted on March 6, 2024. Appellant, through its representative, Onyeoziri Nwanguma, testified that in order to fulfill his obligation under the contract to get Highway Department approval for the curb cuts and blacktopping, Appellee would have to first provide a site plan to Appellant which Appellant in turn could submit to the Highway Department. Appellant argued that Appellee had not provided a site plan to Appellant, making it impossible for Appellant to satisfy that contingency under the contract. Appellant also asserted that the contract lacked a closing date and could unilaterally be cancelled by Appellee; therefore, it lacked mutuality.

After considering the record and the parties' testimony, the Warren Circuit Court determined that the contract at issue was valid, unequivocal, and enforceable by the parties. On the question of whether Appellee had improperly failed to provide Appellant with a site plan which Appellant could in turn submit to the Highway Department, the circuit court determined that Appellant failed to corroborate this claim, nor his alleged conversations which took place with the Highway Department. The court found further that Appellant never requested a site plan from Appellee. As to Appellant's argument that the contract was not enforceable because it lacked a closing date, the circuit court noted that Part III of the contract expressly required closing to occur within 60 days of the contingent

improvements being completed. Lastly, the court was not persuaded by Appellant's argument that the contract was void because Appellee allegedly could cancel the contract at his discretion.

The court then directed Appellee to submit a site plan to Appellant within 30 days, which Appellant could then provide to the Highway Department. In the alternative, the court stated that Appellee could waive enforcement of Appellant's contingencies, and proceed with the sale as otherwise negotiated. It ordered that Appellant provide specific performance under the contract, *i.e.*, move the matter to a closing, within 60 days of satisfying the contingencies or Appellee's waiver of same. This appeal followed.

## STANDARD OF REVIEW

"The interpretation of a contract, including determining whether a contract is ambiguous, is a question of law to be determined *de novo* on appellate review." *Maze v. Board of Directors for Commonwealth Postsecondary Education Prepaid Tuition Tr. Fund*, 559 S.W.3d 354, 363 (Ky. 2018) (citation omitted).

> A basic rule of contract interpretation requires that preference be given to the interpretation which gives a reasonable, lawful, and effective meaning to all the terms over a reading which leaves a part unreasonable, unlawful, or of no effect.
>
> Moreover, in the absence of ambiguity, a written instrument will be enforced strictly according to its terms, and a court will interpret the contract's terms by assigning language its ordinary meaning and without

-4-

resort to extrinsic evidence. A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations.

When no ambiguity exists in the contract, we look only as far as the four corners of the document to determine the parties' intentions. If the language is ambiguous, the court's primary objective is to effectuate the intentions of the parties. The fact that one party may have intended different results, however, is insufficient to construe a contract at variance with its plain and unambiguous terms.

*Id.* (internal quotation marks and citations omitted).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Warren Circuit Court committed reversible error in its interpretation and enforcement of the contract at issue. He first contends that since Appellee drafted the contract, all ambiguities should have been resolved against him. In support of this argument, he directs our attention to several cases standing for the proposition that an ambiguous contract is to be construed against the drafter. As noted by Appellee, however, Appellant does not point to a single word, phrase, or provision in the contract which he claims is ambiguous and should be resolved against Appellee. In the absence of any ambiguity, we find no error in the Warren Circuit Court's conclusion that the real estate sales contract is unambiguous.

Appellant goes on to argue that the circuit court erred in concluding that Appellee's failure to provide a site plan did not render the contract void.

Appellant notes that as of the date of the bench trial, March 6, 2024, Appellee was yet to deliver to Appellant a site plan as required by the contract. Appellant asserts that because Appellee refused to provide the site plan to Appellant, it was impossible for Appellant to satisfy the contract's contingencies. As such, Appellant argues that Appellee, and he alone, was responsible for the unfulfilled contingencies and was not entitled to a judgment granting specific performance.

Upon considering this issue below, the Warren Circuit Court found that Appellant provided nothing to corroborate his claim that a site plan should be provided by Appellee to Appellant, who would then tender it to the Highway Department. The court found that Appellant provided no evidence of his alleged conversations with the Highway Department, and that on direct and cross-examination it was revealed that Appellant never formally sought a site plan from Appellee. Further, Appellee directs us to Appellant's testimony at trial, wherein Appellant acknowledged that he had not been to the Highway Department, had not subpoenaed a witness on this issue, and had no documentation to support his claim.

The question for our consideration is whether Appellee's failure to provide a site plan to Appellant rendered the contract void or otherwise unenforceable. We must answer this question in the negative. This issue appears to have resulted largely from a lack of communication between Appellant and the Highway Department, as well as between Appellant and Appellee. The Warren

-6-

Circuit Court sought to fashion a remedy by directing Appellee to provide a site plan to Appellant within 30 days of the judgment, or to waive the contingencies and proceed to a closing within 60 days. This remedy brings the contract to fruition and is reasonably supported by the record and the law. Accordingly, we find no error.

Lastly, Appellant briefly argues that Appellee's unilateral right to cancel the contract renders the contract void in its entirety. Appellant directs our attention to the contract's language at Section IX(E), which gives Appellee the right to "determine [if] the lot is acceptable to Buyer's purpose and in Buyer's sole and absolute discretion." Appellant notes that the contract does not give Appellant a similar right to cancel. Appellant argues that this disparity evinces a lack of mutuality which renders the contract void.

"Before it will grant specific performance, equity requires a mutual understanding and a positive assent on the part of each party." *Calhoun v. Everman*, 242 S.W.2d 100, 103 (Ky. 1951) (citation omitted). A lack of mutuality of obligation will generally bar specific performance. *Id.*

In examining this issue, the circuit court noted that the parties agreed in Section XII of the contract that if any provision or clause of the contract was found to be illegal, invalid, or unenforceable, it shall be severable and the remainder of the contract to be given full effect without such provision. The court

considered this language in concert with *Dorsey v. Clarke*, 223 Ky. 619, 4 S.W.2d 748, 750 (1928) (citation omitted), which held in relevant part that "[w]hether a contract is entire or severable depends on the intention of the parties, and this intention must be determined from the terms of the contract itself."

The Section IX(E) language cited by Appellant must be read in the context of the entire paragraph, which requires substantial completion of the contingencies (curb cuts, leveling, paving, and utilities) prior to closing, as well as the completion of an environmental phase 1 report. The parties agreed that Appellee, as purchaser, had the sole right to determine if these contingencies were met. We do not conclude that this language evinces a lack of mutuality. *Arguendo*, even if this language demonstrates a lack of mutuality, the Warren Circuit Court properly found that Section IX(E) is severable from the remainder of the contract by operation of Section VII and *Dorsey*, *supra*. Accordingly, we find no error on this issue.

### CONCLUSION

In accordance with *Maze*, *supra*, the Warren Circuit Court provided an interpretation of the contract which gave a reasonable, lawful and effective meaning to all its terms. The circuit court properly found that the real estate sales contract is not ambiguous; that Appellee's failure to provide a site plan to Appellant did not render the contract void; and that Appellee's right to determine if

the contingencies were met did not evince a lack of mutuality or was otherwise severable. A judgment ordering specific performance was properly rendered. For these reasons, we affirm the findings of fact, conclusions of law, and judgment of the Warren Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

David F. Broderick
Brandon T. Murley
Bowling Green, Kentucky